Mr. Chief Justice Shepakd
delivered the opinion of the-Court:
The evidence, which it is unnecessary to review, made out a’ case of mutual mistake of fact amply justifying the decree for correction. Errors have been assigned raising the question of multifariousness through the misjoinder of plaintiffs. The defendant filed neither demurrer nor plea, nor did he raise the-question in his answer. It was suggested for the first time on. the hearing in this court. As was said in United States v. American Bell Teleph. Co. 128 U. S. 315—352, 32 L. ed. 450-457, 9 Sup. Ct. Rep. 90: “The principle of multifariousness is one very largely of convenience, and is more often applied where two parties are attempted to be brought together by a bill in chancery, who have no common interest in the litigation, whereby one party is compelled to join in the expense and trouble of a suit in which he and his codefendant have no common interest, or in which one party is joined as complainant with another party with whom in like manner he either has no interest at all, or no such interest as requires the defendant to-litigate it in the same action.” In an earlier case it was said' by Mr. Justice Story: “It is impracticable to lay down any rule as to what constitutes multifariousness, as an abstract-proposition; that each case must depend upon its own circumstances ; and much must necessarily be left, where the authorities leave it, to the sound discretion of the court. * * * The-objection of multifariousness cannot, as a matter of right, be taken by the parties except by demurrer or plea or answer; and if not so taken, it is deemed to be waived. It cannot be insisted upon by the parties even at the hearing in the court below, although it may at any time be taken by the court sua sponte, whenever it is deemed by the court to be necessary or proper to- *240 .assist it in the due administration of justice. And at so late a period as the hearing, so reluctant is the court to countenance The objection, that if it can go on in the cause to a final decree without serious embarrassment, it will do so, disregarding the fault or error, when it has been acquiesced in by the parties up to that time. A fortiori, an appellate court would scarcely entertain the objection, if it was not forced upon it by a moral necessity.” Oliver v. Piatt, 3 How. 333—412, 11 L. ed. 622-658. See also Barney v. Latham, 103 U. S. 205—215, 26 L. ed. 514—518; Hefner v. Northwestern Mut. L. Ins. Co. 123 U. S. 747-751, 31 L. ed. 309-311, 8 Sup. Ct. Rep. 337. Clearly the conditions are not such as to require consideration of the question now.
The decree will therefore be affirmed with costs.

Affirmed.